```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/4/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
LEXINGTON AVE HOTEL, L.P.,                                     :
                                                               :
                                        Plaintiff,             :
                                                               :
                    -v-                                        :
                                                               :      1:23-cv-10190-GHW
CITY OF NEW YORK, *et al.*,                                    :
                                        Defendants.            :      ORDER
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Late in the evening of November 30, 2023, Plaintiff filed a request for the entry of a temporary restraining order and preliminary injunctive relief. See Dkt. No. 12. The Court received an opposition brief from Defendant New York Hotel and Motel Trades Council, AFL-CIO (the "Union") the following day. Dkt. No. 20. The Court heard oral argument with respect to the application on December 1, 2023. On December 2, 2023, Plaintiff submitted supplemental briefing in connection with the application. Dkt. No. 23. Later the same day, the Court entered an order scheduling a hearing for the requested preliminary injunction and deadlines for supplemental briefing (the "Order"). Dkt. No. 25. That Order did not include the requested temporary restraining order. The Court writes briefly here to make clear that by excluding the requested temporary restraining order from its Order, the Court has denied that portion of Plaintiff's requested relief, and to explain briefly one of the principal reasons for the Court's decision.

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007), which are "never awarded as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), or "as a routine matter." *JSG Training Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). To obtain such relief, the moving party must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits, or (2)

sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Inc.*, 598 F.3d 30, 35 (2d Cir. 2010). The Second Circuit defines irreparable harm as "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) (citation omitted).

The Court has reviewed Plaintiff's motion for a preliminary injunction and temporary restraining order and has denied Plaintiff's motion for a temporary restraining order because the Court does not find that it meets the standard for emergency injunctive relief at this time. In particular, Plaintiff has not made a showing that it will be irreparably harmed as a result of its participation in the upcoming arbitration proceeding prior to the scheduled hearing with respect to the requested preliminary injunction. Plaintiff argues that it has shown irreparable harm solely on the basis that "the harm at issue is the 'deprivation of a constitutional right' . . . ." Dkt. No. 15 at 22. However, that harm is not imminent. It will come, if at all, when a ruling is made against Plaintiff in that proceeding. As counsel for one defendant argues, "neither fear is a fact, and certainly not imminent." Dkt. No. 20 at 10.

While the Court need not discuss this issue in great depth for purposes of explaining the reason for its decision to deny the requested temporary restraining order, the Court highlights the fact that Plaintiff's "as applied" constitutional challenge to the statute turns in part on the extent to which the statute undermines its contractual bargain. The bargain is embodied in Plaintiff's July 28, 2021 agreement with the Union (the "Settlement Agreement"). Dkt. No. 13-3. The interpretation of the terms of the Settlement Agreement—and thus, arguably, the definition of the extent of Plaintiff's contractual bargain which is allegedly impaired by the challenged statute—is an issue that is specifically reserved to the Impartial Chairperson. *Id.* § 9. That fact weighs against granting the

3

requested temporary restraining order, which would bar the Impartial Chairperson from beginning the work of examining the scope and meaning of the Settlement Agreement.

    SO ORDERED.

Dated: December 4, 2023
       New York, New York

                                             GREGORY H. WOODS
                                           United States District Judge

3

requested temporary restraining order, which would bar the Impartial Chairperson from beginning the work of examining the scope and meaning of the Settlement Agreement.

SO ORDERED.

Dated: December 4, 2023
New York, New York

GREGORY H. WOODS
United States District Judge